Good morning. May it please the Court, I'm Janice Nigerlof, appearing on behalf of Maria Gonzales. This case presents what I think is a really excellent opportunity for a Federal Court to do an analysis of the place of the statute of limitations in a defendant's due process right to a fair trial. There have been cases cited by Respondent dealing with the fact that the statute of limitations is purely a state, an error of state law which should not be cognizable on Federal habeas corpus. I think in the briefing I have disputed the thoroughness and the presidential value of those cases. And I think that this Court should take the opportunity to look at the statute of limitations, which is about the and find that there is a place within the due process rights of a defendant for a fundamentally fair trial not to be convicted if the State has given up its power to do so. California has limited the – itself to prosecuting within a six-year period an individual charged with the crimes with which Mr. Gonzales was convicted. Having so limited itself, we contend that it has given Mr. Gonzales a liberty interest in not being convicted if the crimes he committed were committed before that period of time. And this is not a new interpretation of law, although I think the Supreme Court's recent Sogner case assists in our – in our argument that this is a truly important and fundamental right. But in Sogner, the Court cited Judge Learned Hand from 1928 talking about the – the purpose and the protections provided by a limitations period, ensuring a man that he is safe from pursuit. Calder v. Bull, which even is in the 1800s, also talks about the fundamental nature of the protection of a due process of a statute of limitations protection. Let me understand – let me make sure I've got this case in hand. I gather what happened is that conduct was charged in the information that was some of it within the limitation period and a fair amount of it outside the limitation period. Yes, that's right. And a request for an instruction was made that would instruct the jury that it could convict only for a period within the limitation period. That instruction was refused. That's correct. I have not read the trial – the trial transcript at this point. Can you tell me the argument that was made at trial by the defendant? Did he argue, I'd never – I didn't do any of it? Did he argue, well, it doesn't matter whether I did it before, the issue is whether or not I did it after the certain date? You mean, did he argue the statute of limitations issue itself? No, he did not. The prosecutor argued based on the court's – the basis of the court's ruling was that this was a continuing course of conduct or that at least enough conduct happened in an appropriate time that he was satisfied that the jury could find – could base a verdict on any of the conduct. The prosecutor specifically argued that the jury had to find that the defendant committed the crime within the time charged, which was actually incorrect legally. That was specifically included in the closing argument? Yes, it was. And I believe that's quoted in my brief. I'm not sure of the exact page, but I could find it for you if you would like me to find that. Say again precisely what the argument was that was made by the prosecutor. The prosecutor argued to the jury, you must find that the acts the defendant committed occurred between December 12, 1982, and June, whatever, in 1983, the time that was charged as to each of the six counts in the information. So he specifically told them any of that time was fair game. So period of conduct within and without the statute of limitations period? Yes. Yes. The way this breaks down is there is a legal problem with the first ten months of the information, because from February to December is time barred. From December 12th until sometime in February, we don't have an exact date, but to be generous, we'll say February 28th. That's when the family moved. The defendant lived with the family. And then the family stayed in the house. The defendant moves out. So there's basically a two-month window in there. Right. So there's a factual impossibility for the rest of it, which nobody really contested. But the prosecutor argued the full period charged in the information did not confine his argument or her argument to the period available under the limitation period. No, because he believed that this should be considered a continuous crime, which is incorrect. At what point in the trial proceedings did the trial judge indicate that he was not going to give a statute of limitations instruction or otherwise indicate that his, that's the judge's theory of the case, was that this was continuing conduct and the statute of limitations was not an available defense? I think it's a little bit unclear exactly what the basis of his ruling was. They certainly discussed the continuing course of conduct. But that is when. I'm also asking when did he rule. Because I'm trying to figure out the defendant's lawyer's strategy. And at what point does he figure, okay, well, this is the only argument I have, given what the judge did. Right. It was toward the end of the time when they were discussing instructions. So it was not at. In other words, basically at the close of evidence is when this is happening. Right. There was no demerit. There was no earlier effort to get the information amended. Had there been proposed instructions that had clearly spelled out that the defendant wanted that instruction? I don't know if they were written. But in the instructions discussion, defense counsel specifically asked for the statute of limitations. And the evidence during the trial, you're saying, really didn't conform to that distinction as being significant for the jury? That is the, was it December 12th? Right. No. No. I mean, there was. There was. Because the testimony was so generic, and this was a long time after the fact for a number of reasons, and the victims were quite young at the time, there was really no, it was not unusual in this kind of case, but it was particularly, particularly generic. There was really very little sort of it happened in the summer or it happened at Christmas time, even in that kind of sense, which often helps sort of specify the general time frame within which these acts occurred. The court of appeal discussed the fact that when the birthdays occurred and that there was, I think, an April birthday in 82 and a November birthday in 82 for each of the two victims. So they sort of, and the victim said, I was five, which was the April birthday. So, but that still did no more than sort of cut off a certain period of the time barred months, but it didn't cut off all of it. The only other one sort of specific fact was that there was a brother who became aware that this conduct was happening who confronted the accused and he stopped for a period of time, according to the girls. The prosecutor argued that he left the residence in June of 1983, when in fact, I think the other evidence was that he left in the June before that.  I think the problem with the kind of generic testimony and the large amount of time that was charged with such a small period of time in which six acts could have occurred is that you really can't, we can't be at all sure what the jury based its verdict on. Well, that leads me to a question, wasn't the testimony quite clear that this was happening almost on a daily basis throughout this period of time and which leads me to the question, if this is an issue of jury instructions and if the review is harmless error, you would seem to have the obligation of showing actual prejudice. If that is the case and if the evidence were so overwhelming, how do you show actual  Well, I think the jury's position was that the judge in California said something akin to that, that this happened every day. I'm not saying it, I'm asking. I don't want to. I understand. But their position was she said it happened every day, so there were six days within the proper period. Therefore, we can find that they would have, if they knew about the statute of limitations, they would have found it. I would say that this Court's opinion in people are U.S. versus Fuchs, which was a slightly different scenario in that the time-barred conduct were overreacts in a conspiracy case. But this Court reversed, saying we can't be sure that the jury based its verdict on proper, on conduct that was not time-barred, and it could have been cured by an instruction. But since nobody requested the instruction, well, they reversed. But here an instruction was requested. It was requested and the Court refused. So there's an extra problem there, which was that the defense clearly recognized the problem, asked that the jury should be allowed to consider its absolute defense. I mean, I don't think there's any question there. Well, let's assume that there was error in not giving the instruction. Then the question is, was there still enough evidence without it, without that instruction that the jury must have and would have concluded that there were enough acts within the permissible time period, so the absence of the instruction was sort of beside the point? I would say, again, relying on the Fuchs opinion, in that case there were overreacts charged that were within, were not time-barred, and there were overreacts charged that were time-barred. The absence of an instruction, we don't know. And I think there is clear Supreme Court precedent that if an issue is not presented to a jury, we can't, we can't as a matter of law find that they base their verdict on, on proper evidence. There's absolutely no way to tell this, particularly in light of the prosecutor's argument, which was don't even worry about the time as long as it happened six times or once to Rayna and five times to Julie within this period. And the charge is specific numbers of times as to each child. Yes, it is. Which is somewhat arbitrary because Rayna testified it happened more times than once and there's no real way to figure out why they chose five times as each child. But in order for this to be a valid conviction, given the statute of limitations, it has to be that four and six of these things happened in this two-month period, not just that it happened once. Because the charge is that it happened four and six times. Is there different evidence as to when this happened with respect to the two girls? My sense is that the evidence as to it being a continuing and frequent course of conduct is a little stronger for Rayna, the younger girl. I think they both testified that it happened more than once. Oh, I know that. And in terms of Rayna claimed that it happened more often to her. Julie observed it happening to Rayna, whereas nobody observed it happening to Julie, although Julie is the one with the five counts of the six. They both said that it happened, it began soon after Mr. Gonzalez came to the house, which is, you know, well into the time barred period. They talked about different kinds of conduct. I believe intercourse happened five times. Intercourse is not the only way to violate the statute, but there's nothing to specify when that kind of conduct happened at all. So it's the kind of problem with generic testimony. I mean, there are reasons why generic testimony is needed in these kinds of cases from the prosecution's point of view, but it does create serious problems with some kind of specificity in some way for anyone to understand what the jury is basing its verdict on, other than it happened all the time. How many incidents had to occur within the time period? Five as to one. Five as to Julie, the older girl, and it was only one conduct to Rayna, the younger one. I'm sorry. I misspoke. One is to Rayna. I'm not sure how much time I have left, but unless the Court has further questions. Okay. You've got about seven minutes, and we'll be happy. I might ask you to be reflecting as you sit down and perhaps cover this in your response. I'm a little concerned about, again, the standard under AEDPA. You cited the Hicks v. Oklahoma and Stegner or Stogner case, Stogner, whatever, case. The Stogner case dealt with an ex post facto problem and isn't really a due process. Does that make a difference? Oh, I agree that it's an ex post facto case, but I think the language with which it discusses the statute of limitations makes very clear that it's a very fundamental protection against prosecution. And that's my concern, whether due process and ex post facto are addressed at different kinds of constitutional concerns. But I'm not sure that's a question. Maybe more of an observation. Well, actually, I think that's probably the most interesting part of this case, is whether due process protects a defendant from being prosecuted in violation of a statute of limitations, which is a State law, but a statute of limitations is a universal construct in the law. And the United States Supreme Court, for very many years, as well as California in interpreting its own law, has acknowledged that when the government gives up, that by the statute of limitations, the government gives up its power to prosecute. And I think there's a very strong and hard-to-refute argument that if the government doesn't have the power to prosecute somebody, and they prosecute them anyway, there can't be anything more fundamentally unfair than that. And it's arbitrary, because if anybody else in Mr. Gonzalez's situation were charged with the same thing, he could not legally be prosecuted for those acts, and yet the County of Santa Clara arbitrarily decided that it would do so, and the State courts have continued to find no problem with it. But the State has no power. So it's not a question of, you know, a State jury instruction or a sort of a trial kind of error, to borrow from Fulminante. This is pretty much structural. If the State says we can't do it, and they go ahead and do it, that seems to me to be even worse a violation than what the State tried to do in Sogner, which was to change the law and revive an expired statute. At least there was some legitimacy and some legislative effort, which they have the power to do, to deal with and alter and address the statute of limitations to change it. This was just forget it. It doesn't matter. The constitutional problem is more acute here than in Sogner. Well, I would say that the due process problem, Sogner talked about X plus facto and changing punishment and increasing punishment after a time, but I think the language that it uses in discussing the place of the statute of limitations and the power of the State under its own determination of what's a fair amount of time to prosecute squarely should fit within a due process analysis and should be protected by the Federal Court. Roberts. And you've saved some time for rebuttal. Yes. Good morning, Your Honor. Morris Bates on behalf of the State of California. The question I think that counsel invited this Court to rule on was whether the statute of limitations is a constitutionally protected right. Under the AEDPA, you are governed by established United States Supreme Court law, and there is no law anywhere that says or in any way suggests that a state statute of limitations is a constitutional right. Counsel, let me test that. So you're saying that if all the evidence, the unrebutted evidence, was that the all acts occurred prior to December 12th, was it 1992? 82. Well, whatever year, December 12th, the magic date, that all acts, and it's totally unrebutted, and if the State proceeded to prosecute and obtained a conviction, despite the fact that there's a clear violation of the statute of limitations, there's no constitutional violation, no due process violation? There's no constitutional right to a statute of limitations. What you do have a right to is a liberty interest. In other words, a State court can't argue or can't rule that the world is flat, that gravity causes things to go up, that all sorts of things happen that are outrageous, that are absurd, that are the answer to my question. So in a sense, whatever. So what is the answer to my question? The answer to your question is there is no constitutional right to a statute of limitations. However, there is a constitutional right to have a State court rule in a manner that is not outrageous or absurd. That's Hicks v. Oklahoma. Okay. So what about an argument, to follow up on Judge Windmill's question, what about an argument that says the State, having set the statute of limitations, has created a liberty interest under State law, but it is now a liberty interest, of course, protected under the due process clause, because State law has established that liberty interest with respect to the statute of limitations? Well, again, a liberty interest is judged differently from an established constitutional right. A liberty interest is just... Well, but I'm talking about a liberty interest under the 14th Amendment. No deprivation of life, liberty, or property without due process of law. If the State sets up a State statutory system... Right. ...that then constitutes an entitlement in certain circumstances to liberty, which is protected under the 14th Amendment. That's the argument. Absolutely. Now, the next thing is how do we determine whether the State has violated that liberty interest? What is the test? The test is whether... Well, let's... ...it's arbitrary or shocking or... Well, let's go back to Judge Windmill's question. Let's assume that there's something that's not quite the fact here, and that is to say the State has a statute of limitations of six years. Right. All of the charged conduct, no dispute about it, took place prior to more than six years before the indictment is brought. So statute of limitations totally bars? Correct. Is it a violation of the liberty interest conveyed by the statute of limitations for the State to imprison someone for behavior that took place outside the statutory period? If the Court looks at the record and finds that everything you said was true, that it occurred before more than six years ago, that it was outside the statute of limitations, that under no reasonable analysis could anybody be prosecuted for the crimes committed at that time, and that nevertheless says, in any event, you're going down on the conviction, that's called, according to Hicks, arbitrary, shocking, egregious. That's what causes the or creates the error, the Constitution error, the due process violation. That's when you have a liberty interest that is violated. And there is no United States Supreme Court case law that says otherwise. In fact, the only case law that has been cited... But to make sure I understand your answer, then, it is that if the State does indeed convict and send someone for prison, to prison for conduct that takes place entirely outside the limitation period, that does violate the Court's... That would violate the liberty interest if there's no basis for that conviction. How do we know that didn't happen here? Well, because we look at the argument or the analysis by the State court in analyzing and reviewing State law, and we give deference to State court review of State law. And unless... But I'm not... This is now, for me, no longer a State law question. It's a factual question. What did the jury think it was punishing? That is to say, what behavior did the jury think made him guilty? Was it behavior entirely within the period outside the statute of limitations, or does it be behavior within the statute of limitations? I mean, there's a two-month window in which he's vulnerable. Sure. And let's look at... How do we know what the jury did? Well, we look at what the court or how the State court analyzed the situation and determined whether its reasoning was objectively unreasonable, whether it was... Whether its analysis was absurd. And that we look at the record. In this particular instance, the State court looked at the record and found a number of things in the record that is undisputed. In fact, it made factual findings which are presumptively correct. It found, for example, that the jury believed the victims. It found that one of the victims testified that she was molested almost every day. It found, according to the record, that the petitioner lived with that family for two months during the period when the statute of limitations was in effect. The record also shows that there was nothing in the record that shows that the defendant in any way changed his behavior pattern in those two months from all the other days and months and close to a year that he lived with the family. The record shows that he only stopped molesting these children a little while. Quote, a little while. End quote. While the brother was there, he went way back to New York in June of 1982, and the little while ended. In other words, molestation began again. The record also shows that one of the victims says that she was touched or the touchings occurred the whole time the defendant lived there. That's Rt. 127. The whole time the defendant lived there. He lived there through those two months that are covered by the statute of limitations. Counsel, isn't there a concern, though, that you have then an appellate court essentially substituting its own fact findings for what the jury determined where we can't determine what the jury in fact decided? Well, first, the State court is making a determination about whether there has been a violation of State law with respect to the statute of limitations. What I'm referring to is you cited the EPA standard, which, of course, the reliable findings of fact by the State court. But if we apply that in this context with the jury instructions we have, don't we run the danger of allowing an appellate court on a stale record to make findings of fact which then have to be elevated over a jury determination, which we can't tell what they were thinking about or what their decision was? Well, first, the first thing we're doing is finding out whether the defendant could be prosecuted, whether there was a basis for his affirmative defense. Now, in this particular case, the defendant had an affirmative defense of or could have had an affirmative defense of the statute of limitations. The burden is on the prosecution to defeat that defense by the preponderance of the evidence. Well, it wasn't given. But the question is whether there was sufficient evidence that would support a conviction, even though the statute of limitations had run us to about 10 or 12 months and not to two other months. The question for the court, for the superior court, for the court of appeal, for the State court in determining whether there has been a violation of State law is to determine whether there was adequate evidence to show that there could be a conviction, that the jury could find that there was a basis for convicting him regardless of the statute of limitations expiration. It found that there could have been a finding by the jury that during the last two months that the defendant lived with these children, that he could have molested them. And, in fact, the evidence was very strong that he did molest them. The jury believed these victims. The victims said continuously that they were molested. So what you're saying is that because even though the State tried the case on the assumption that the whole period of time was fair game and that it was a continuous course of conduct, and the jury may have gone into the jury room on that theory and said, well, we know that in the early stages of this attack, that's basically what they did, and they said, okay, well, we don't need to look at the rest of it because we know that he did it five times in the first couple of months he was there. They never consider the latter part because they're not focused on the latter part. Nonetheless, and, of course, that's speculation. Roberts. That is pure speculation. McConnell. It is, but it's speculation. And neither did I. I tried to explore the ramifications and limits of this rule. So now the State court looks at it and says, look, there's the testimony that this was done 60 times in the case of one of the girls, and almost every day the other girl says. So the jury had that evidence before. And even if they had been told that they were supposed to limit their consideration for the last two months, for that two-month window, they clearly had the evidence before, and therefore the evidence is in the record sufficient to support the redacted time period. I believe so. And therefore, even though we don't know what the jury looked at, it's enough that there was evidence that fell into that process. And therefore, now we, sitting in the Federal courts, have to say what in respect of that State court speculation, if you will, about what the jury may have done. Well, we don't know what the jury may have done at this point in our analysis, but there is substantial evidence that shows that the offenses of which he was convicted did occur during the two-month period for which he could be convicted. Right. All right. Next question is, given the fact that the jury was not instructed about the statute of limitations, was there reversible error? Was his unable – was the jury finding such that the defendant – it's reasonably probable that the defendant was convicted for molestations occurring outside the statute of limitations period? Again, we go to the Brecht analysis. It was an error. If the jury was misled, the question then was, was the jury misled such that it affected them in a substantial and injurious way in terms of the verdict? The State court looked at the record to determine whether there was prejudice. It looked at the record and it looked at the testimony and it looked at the credibility of the – the apparent credibility of the victims. Every charge for which the victims were victims was found. I'm assuming the State court could properly say, look, there was credible evidence that fell into the two-month period. The question is, okay, what do we do with that? I mean, there – we don't know that the jury actually looked at that evidence. Well, we have to assume that the jury looks at all the evidence presented to them. We have to assume that the jury examines the evidence and finds what it needs to find. But – Well, let me – let me take this just to test the construct here. It's not that I don't understand your point. I'm just trying to understand how it gets applied in the variable case. Because you started out by saying if the – all the evidence of molestation was in – outside the permissible two-month period, there would be a constitutional violation. If there was no evidence, in other words, there was affirmative evidence that all of this happened and then quit, shy of the statute of limitations open period. All right. There would be a liberty interest violation. Then we'd have a situation. So let's suppose the jury had to find the five acts on one and one on the other, and the evidence, uncontroverted evidence, was that at most, at most, the defendant committed five acts within the two-month period, whereas all the other 50 to 60 acts took place before that. So 45, we'll take that number, occurred plainly and uncontestedly, and then there's some testimony that there were five occasions. So that it all rests on whether the jury actually found those permissible fines to be the – would support the conviction. We don't know that they did because they weren't asked to focus on it. And the state court looks at that and says, well, there's evidence that there were five. There was strong evidence enough to say that the jury must have used that on a pathetic basis. Guilty verdict. And we say we're stuck. As a Federal court, we can't question the reasonableness of that or what? Well, if it's objectively reasonable, you can question and you can reverse. Now, the question then becomes, what is the question? Here, the question was, in the two months during which the statute of limitations still applied, the evidence showed that these children were molested. So it's a question of degree, in other words. So we can factor that in. And the reason – the way we look at it in our limited view is whether it's reasonable to conclude that the jury must have looked at some of that evidence in reaching a conclusion. Well, you have to look at whether it was so pervasive. The nature of the molestation was so pervasive. Exactly. Is it objectively unreasonable for a court looking at a record in which the victims are accepted for purposes of credibility, in which the victims – one of the victims says she was molested almost every day, in which that victim says touching occurred the whole time the defendant lived with them? Isn't the test a Brecht test? Brecht test. Substantial injurious effect. Objectively unreasonable is not the Brecht test. Brecht test is substantial and injurious effect or influence on the jury verdict. Correct. Not objective unreasonable. So the question really is whether there's a substantial and injurious effect or influence on the jury verdict. Correct. That would be the Brecht harmless error analysis that this Court does. So if we find – if we assume that there was error in the instruction, then we move to that question. Correct. And how are we supposed to know this? Well, we go to – you go to the record, and you look at the record just as the State Court did in determining harmless error, because, again, there's a – there's some conflict as to exactly what deference this Court gives to the State Court's finding of harmless error. I believe the – But is there a finding of harmless error here, or is there a finding of no error by the State Court? On the instructional issue, there is a finding of harmless error. Okay. And I believe – at least our argument, obviously, is that our finding of harmless error was objectively reasonable. And in finding harmless error, again, this – the State Court and this Court will look at, again, the testimony of the victims whose credibility was accepted. Touching occurred until the very end, the very end of the last few months. Is the Brecht test – I understand. I've given you the direct quotation from Brecht, of course, with which you agree. Is the Brecht test that – is it more likely than not that there was a substantial and injurious effect or influence? Are we guaranteed? Is it part of the evidence? What's the quantum of proof as to harmlessness under Brecht? Well, it's – it's more forgiving of error than the Chapman test, for example, or – I understand that, but – Reasonable probability, substantial injurious effect. Reasonable probability that there was a substantial and injurious effect. Yeah. Okay. Again, if you look at the record, if you look at the testimony of the victims, if you look at the context of the testimony and the verdict in this case, there is no, I think, substantial injurious effect that – an instruction about what the statute of limitations would limit the verdict to would have had any effect on. Forgive my preposition at the end. But the State court came to that conclusion. It looked at the victims as a testimony. To the very end, they were saying they were molested. To the very end. Almost every day. A little while the motivations stopped, and after the brother went away, a little while ended until he left. Why would any jury believing the credibility or accepting the credibility of these victims would not find that at least five or six or whatever number of molestations occurred did not occur and support the verdict of guilt as to those charges? Unless the Court has any other questions, I'll sit down. Thank you. Thank you. Thank you. Rebuttal, please. We don't know what this jury based its verdict on because this jury didn't know the significance of the two-month time frame within which these acts could have occurred. The court of appeals comments that counsel just quoted about the window of opportunity and almost every day were all discussed in the court's analysis of the sufficiency of the evidence to support the statute of limitations having been properly adhered to. It was not in relationship to the instructions to the jury. Justice Scalia has said in a U.S. Supreme Court case, California v. Roy, we don't have a verdict on an issue which the jury has not been asked for any other. Let me ask you this, though. If the – as the evidence, I understand and I read the record, to some extent indicates that this was a sort of an escalating and ever-worsening situation in terms of the advances he made against these young girls, starting out with fondling and then proceeding to actual penetration and the like, what, in the nature of the proceedings, instructions, evidence, argument, would have caused the jury to differentiate such that they wouldn't have found necessarily that the acts occurred not only before but during the two-month window? Why should they have sliced and diced it in any fashion other than to say, Well, this guy had a continuous – this was behavior with these girls the entire time he was in the house. With all due respect, I'm not sure the record shows that it was escalating. I think that the record shows that it was continuous, but I'm not sure that it showed that it sort of built so that worse and worse and more and more conduct was occurring. So I don't mean to suggest that it – I just mean that the early part, which is where he was starting it, that was horrific stuff that immediately happened, did happen after a period of time. So why – if anything, the jury would be more inclined, I would assume, to look at that behavior than – and be more forgiving if there was some kind of arguably innocent touching at the beginning. So I can't see anything that logically leads me to think the jury would say, Well, we don't need to worry about what he did at the end because – I mean, why would they distinguish that? Wouldn't they be looking at his entire course of conduct, which would necessarily include the time he was there during the two months? Well, I think the question that you asked earlier, which was, you know, we're satisfied he moved into the house, he touched these girls. We don't have to think about any more than that under this statute as long as he did it one time. But was there anything in the record – I mean, in the evidence, the presentation of the case? Because my understanding of the defense was he didn't do any of this. It's all a lie. Well, I think – But why would they be saying we don't need to reach the end? In other words – and if they had decided to look at it, that their decision would have been different. I guess what I'm driving at, if there was something in the evidence to say, Well, it was clear he did it in October, but then it gets a little shaky about whether it's in the two-month period. So that there might be some – something in the nature of the – or the quality of the evidence. Is there anything that – The only thing – Is it a weaker case during the two months? The only – the only evidence that showed there was a disruption in whatever the – almost every day or the whole time was the incident with the brother. Yeah, there were. And the district attorney argued that that happened at the end of the time period. It probably happened more in the middle of the time barred period. But, no, this was such generic testimony, and these girls were so young, and it was many years later. So there was – there was really not even – I don't – there was one specific thing that Julie said that happened in a car, but it wasn't specific as to time. It was specific as to incident. Other than that, it was just in his bedroom all the time. And I would suggest that perhaps the window of opportunity that the court of appeal found might not be unreasonable in looking at whether the evidence was sufficient that five acts occurred during the non-time barred period. But it is not what the court – it is unreasonable to say that without an instruction and in light of this discussion, the jury reached a verdict which – and I think without the instruction, there is a substantial injurious effect. It's reasonably probable as the court found in Fuchs that this was based on time barred activity, and we don't know. There is no way to know. Just one final quick comment. Counsel argued that we had not cited any U.S. Supreme Court law indicating the significance of the statute of limitations as a due process right. And while we haven't cited a habeas case, there is clear law that has been around for a very long time talking about the power of the statute of limitations and the limitation of the statute of limitations on governmental power. 2C was a draft – a draft registration case from the 70s where the court argued – or the court found that the purpose is a clear expression of the government and that it's giving up its power. It limits the exposure to prosecution. It protects against the passage of time. It's to be liberally interpreted, and that is due process language. Okay. Thank you very much for helpful arguments on both sides. Yes. Thank you. The case of Gonzalez v. Knowles is now submitted for decision. The last case on the argument calendar this morning is Lockyer v. – I'm not sure if I'm pronouncing that correctly – Murant Corporation.
judges: W. Fletcher, Fisher, Winmill